## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION FOR** |
| | ) | **RELEASE** |
| vs. | ) | |
| | ) | |
| Aaron Mylo Bruce, | ) | Case No.  1:26-cr-098 |
| | ) | |
| Defendant. | ) | |

Defendant is charged in an Indictment with three offenses: conspiracy to distribute and possess with intent to distribute Controlled Substances (Count 1); distribution of fentanyl (count 10), and possession with intent distribute fentanyl (Count 11). (Doc. No. 4). On June 11, 2026, he waived in open court his right to a detention hearing and was ordered detained by the court pending trial. (Doc. No. 52).

On June 25, 2026, Defendant filed a Motion for Release from Custody. (Doc. No. 62). Advising that Providence House recently accepted his application to its residential treatment program, he requests to be released to Providence House staff for transport to Providence House's facility in Arnegard, North Dakota, on July 3, 2026.  He acknowledges that his criminal history is extensive and that he was on State supervision when charged in the instant case. Averring that his criminal history is largely a product of his ongoing substance abuse issues, he avers that a placement in a structured inpatient treatment program like Providence House will enable him to "break the cycle."

On June 26, 2026, the United States filed a response in opposition to Defendant's motion for release. (Doc. No. 63). It maintains that Defendant is not an appropriate candidate for release given

his extensive criminal history, which includes a prior conviction for a "serious drug felony," the nature of his current charges and resulting presumption of detention, his past failures to comply with treatment programming, his history of noncompliance with court orders, and his past failures to appear.

A detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

The court is disinclined to "reopen" the detention hearing or to otherwise reconsider its detention order. The information provided by Defendant–that he has secured a placement at Providence House–is new and arguably rebuts the presumption of detention in this case. However, it does not tip the balance of the 18 U.S.C. § 3142(g) factors in favor of Defendant's release. Defendant has a lengthy criminal history, a history of noncompliance with court orders, past failures to follow through with inpatient treatment programming, and past failures to appear. Further, given the nature of his charged offenses and has past conviction for a serious drug felony, Defendant is facing the prospect of a sentence of up to life imprisonment if convicted.

Accordingly, Defendant's Motion for Release from Custody (Doc. No. 62) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 30th day of June, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court